1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

BRUCE MUNSON,

Case No.  21-cv-07178-JCS

Plaintiff,

8

**ORDER GRANTING MOTION TO DISMISS PLAINTIFF BRUCE MUNSON'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(3) AND 12(B)(6), OR, IN THE ALTERNATIVE, TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404**

v.

9
10

LEGAL ONE LAW GROUP, et al.,

Defendants.

11
12
13

Re: Dkt. No. 24

14
15

**I.      INTRODUCTION**

16

Plaintiff Bruce Munson brings this action against Defendants Legal One Law Group

17

("Legal One"), Avo Zorabian and Gayane Gevorkian, asserting claims under the Lanham Act for

18

trademark infringement, trademark dilution, false designation of origin, and cybersquatting in

19

connection with his registered trademark LEGAL 1. Presently before the Court is Defendants'

20

Motion to Dismiss Plaintiff Bruce Munson's First Amended Complaint Pursuant to Fed. R. Civ. P.

21

12(b)(3) and 12(b)(6), or, in the Alternative, to Transfer Venue Pursuant to 28 U.S.C. §1404

22

("Motion").  The Court finds the Motion is suitable for determination without oral argument and

23

therefore vacates the Motion hearing set for April 22, 2022 pursuant to Civil Local Rule 7-1(b).

24

The Initial Case Management Conference set for the same date is also vacated.  For the reasons set

25

forth below, the Court finds that venue in this District is improper under 28 U.S.C. § 1406 and

26

therefore GRANTS the Motion and dismisses this action without prejudice to refiling in an

27
28

United States District Court
Northern District of California

appropriate venue.[1]

## II.    BACKGROUND

### A.    The First Amended Complaint

This action is based on alleged "unauthorized use of the registered trademark LEGAL 1 and variations thereof including but not limited to 'LegalOne', 'LegalOneLaw.com', 'Legal One Law Group, APC', and 'Legal One Law Group' " by Defendants. First Amended Complaint ("FAC") ¶ 1.  Munson alleges that "[b]y using a trade name and trademark that wholly incorporates and emphasizes the two decade old registration LEGAL 1" that he owns and administers, "Defendants have caused and are likely to continue to cause confusion that they, Defendants, are the source or sponsor of services under the LEGAL 1 mark." *Id.* ¶ 2.  He further alleges that Defendants "are likely to cause dilution of the LEGAL 1 trademark." *Id.*

Munson alleges that he "has been an Indiana licensed attorney who has specialized in providing legal services for a variety of clients both within and outside Indiana, including serving clients who had legal dealings within the State of California, and California-based clients who had matters extending into other states within the United States." *Id.* ¶ 7. He alleges that he resides in Muncie, Indiana and that he has been serving clients under the LEGAL 1 mark for twenty years. *Id.*

According to Munson, "Defendant Legal One Law Group has a principal place of business at 500 N. Central Avenue, Ste. 720, Glendale, CA 91203" and "is a partnership offering legal serves under the unregistered mark 'Legal One Law Group.' " *Id.*  ¶ 8.  Munson alleges that "Legal One Law Group promotes its services at the website www.legalonelaw.com, in addition to advertising on various social media platforms and through the purchase of adwords through Google Adwords." *Id.*  He further alleges, on "information and belief," that "Legal One Law Group targets customers and clients nationwide over its website and through social media and search engines, including customers and clients in California and Indiana." *Id.* Munson alleges that Defendant Avo Zorabian and Gayane Gevorkian are partners of Legal One Law Group who

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

United States District Court
Northern District of California

1    market its services "online through social media platforms." *Id.* ¶¶ 10-11.

2           Munson alleges that the "LEGAL1 mark is a registered mark with the United States

3    Trademark Office (Reg. No. 2496610), for the services PROVISION OF GENERAL LEGAL

4    SERVICES." *Id.* ¶ 12 & Ex. A. According to Munson, the LEGAL1 mark was registered on

5    October 9, 2001 and renewed on January 24, 2007 and again on July 15, 2021. *Id.* He alleges that

6    he has utilized the mark LEGAL1 "for the entire period from October 9, 2001 through to the

7    present-day" and that "LEGAL1 was the subject of marketing throughout the United States,

8    including in Indiana." *Id.* ¶ 14. Munson alleges that "[a]s a result of the marketing effort for

9    LEGAL1, [he] has provided legal services to Indiana based clients who required business services

10   relating to California." *Id.* He further alleges that in 1997, he "secured the domain name

11   www.legal1.com" and used it to "advertise[ ] online legal services under the LEGAL1 mark." *Id.*

12   ¶ 15.

13          Munson alleges that on April 23, 2018, Defendant Avo Zorabian attempted to register

14   "Legal One Law Group" for "Attorney services, namely, representation of clients in litigation,

15   corporate law and business, personal injury, criminal, property damage and lemon law matters" by

16   filing application 87889183 with the U.S. Trademark Office. *Id.* ¶ 16 & Ex. B. According to

17   Munson, on August 15, 2018, the Trademark Office issued an Office refusal on the basis of

18   likelihood of confusion with Munson's registration." *Id.* ¶ 17 & Ex. C. Munson alleges that

19   Defendant Zorabian did not file a response to the refusal and therefore the mark was abandoned on

20   March 14, 2019. *Id.* ¶ 18. He further alleges that "Defendants[ ] have consistently provided, and

21   continue to provide, legal services under the mark 'Legal One Law Group' [and] have provided

22   legal services under that mark since past August 15, 2018, when Defendant Avo Zorabian was

23   fully aware of the likelihood of confusion between the mark 'Legal One Legal Group' and

24   Plaintiff Munson's mark LEGAL1." *Id.* ¶ 19.

25          Munson alleges that Defendants have used "search engine optimization, to ensure their

26   mark 'Legal One Law Group' is high ranking upon a search for 'Legal One' or the equivalent"

27   and "have held themselves out to be owner of the LEGAL1 registered mark through reviews and

28   promotions on various platforms, including but not limited to yelp.com, superlawyers.com,

1   linkedin.com, nolo.com, facebook.com, and instagram.com[.]" *Id.* ¶¶ 22, 24.

2       In the FAC, Munson asserts the following claims: 1) trademark dilution under 15 U.S.C. §

3   1125(c); 2) trademark infringement under 15 U.S.C. § 1114; 3) cybersquatting under 15 U.S.C. §

4   1125(d); 4) false designation of origin under 15 U.S.C. § 1125(A); and 5) unjust enrichment.  He

5   seeks injunctive relief, damages and attorneys' fees and costs.  He alleges that venue in the

6   Northern District of California ("District") is proper pursuant to 28 U.S.C. §1391(b) and (c)

7   because, on information and belief,  "Defendants reside in this judicial district, transact, or have

8   transacted business in this judicial district, and may be otherwise found here, and a substantial part

9   of the events, omissions, and injuries, giving rise to Plaintiff's claims occurred in this judicial

10  district." *Id.*  ¶ 6.

11      **B.    The Motion**

12      In the Motion, Defendants ask the Court to dismiss the case on the basis of improper venue

13  under 28 U.S.C. § 1406 or in the alternative, to transfer the case to the Central District of

14  California under 28 U.S.C. § 1404.  They further contend Munson fails to state a claim under Rule

15  12(b)(6) because he committed fraud on the Trademark Office in connection with his most recent

16  renewal of the trademark registration for LEGAL1.  In particular, according to Defendants,

17  Munson submitted in support of the renewal a Section 8 Declaration of Continuing Use stating

18  that he was still providing legal services by and through the mark even though he had been

19  disbarred from the practice of law by the Indiana Supreme Court six months before.  In support of

20  that argument, Defendants have filed a request for judicial notice (dkt. no. 25) asking the Court to

21  take judicial notice of: 1) a 2019 Disciplinary Complaint  against Munson filed in the Indiana

22  Supreme Court; 2) an order from that court dated January 14, 2021 reflecting that Munson

23  resigned from the practice of law in response to the charges of misconduct against him and is

24  barred from practicing law for five years; 3) Munson's Section 8 Declaration, filed on July 15,

25  2021 with the United States Patent and Trademark Office in connection with the mark LEGAL1

26  stating that it was still being used for the provision of legal services and attaching a "screenshot of

27  the website https://www.brucemunson.com obtained on July 15, 2021 showing the mark

28  promoting the identified services"; and 4)  a printout of the website www.brucemunson.com and

United States District Court
Northern District of California

United States District Court
Northern District of California

1  www.brucemunson.com /services, dated October 12, 2021 advertising Munson's legal services.

2  Because the Court concludes that Defendants are correct as to the first argument, that

3  venue in this District is improper, it does not address the parties' contentions with respect to the

4  second and third arguments and need not rule on Defendants' requestion for judicial notice.

5  Likewise, the Court need not rule on Munson's motion for leave to file a surreply (dkt. no. 34-1),

6  which relates only to Defendants' Rule 12(b)(6) challenge.

7  As to the question of whether venue in this District is proper, Defendants contend they

8  have no meaningful connection with this District, offering declarations by Defendants Gevorkian

9  and Zorabian stating that they are exclusively residents of Los Angeles, California and that

10  Defendant Legal One is a professional corporation with its principal place of business in Glendale,

11  California and has only existed and operated in or around the city of Glendale.  Motion at 6 (citing

12  Gevorkian Decl. ¶¶ 2-10; Zorabian Decl. ¶¶ 2-10).  With respect to outreach on social media,

13  Defendants Zorabian and Gevorkian attest that Legal One owns and operates the website

14  https://www.legalonelaw.com (the "Legal One Website") and controls and operates a Facebook

15  profile (www.facebook.com/legalonelaw), an Instagram profile (www.instagram.com/

16  legalonelaw), and a Yelp page (www.yelp.com/biz/legal-onelaw-group-glendale).  *Id.* (citing

17  Gevorkian Decl. ¶¶ 11-13; Zorabian Decl. ¶¶ 11-13). According to Defendants, the Legal One

18  Website prominently displays that Legal One is located at 500 N. Central Ave., Suite 720,

19  Glendale, California 91203 and further states that "[y]ou can trust our Glendale attorneys to

20  provide sound legal guidance and advice throughout your legal issue." *Id.* (citing Gevorkian Decl.

21  ¶13; Zorabian Decl. ¶13).

22  Defendants further assert that each of the Legal One social media profiles described above

23  "advertises and promotes Legal One as a law firm operating in Glendale, California and/or Los

24  Angeles County."  *Id.* (citing Gevorkian Decl. ¶14; Zorabian Decl. ¶14). In particular, "Legal

25  One's Facebook profile prominently states that 'Legal One Law Group, APC is a Glendale

26  law firm specializing in personal injury, property damage, business litigation, & lemon law cases.

27  Free consultations!' " *Id.* (citing Gevorkian Decl. ¶15; Zorabian Decl. ¶15).  Likewise, they

28  contend, "Legal One's Instagram profile prominently states that Legal One is 'A Los Angeles

based law firm specializing in Personal Injury.' " *Id.* (citing Gevorkian Decl. ¶16; Zorabian Decl. ¶16). Defendants further assert that "Legal One's Instagram posts are promoted via hashtags such as #glendale, #burbank, #hollywood, #vannuys, #pasadena." *Id.* (citing Gevorkian Decl. ¶17; Zorabian Decl. ¶17). Similarly, they contend, "Legal One's Yelp profile prominently displays Legal One's location (with a map) as 500 N. Central Ave., Suite 720, Glendale, California 91203." *Id.* (citing Gevorkian Decl. ¶18; Zorabian Decl. ¶18).

According to Defendants Gevorkian and Zorabian, Legal One does not promote its services beyond or outside of Los Angeles County, California. *Id.* at 5 (citing Gevorkian Decl. ¶19; Zorabian Decl.  ¶19).  They further contend "Legal One does not direct any advertisements or target any potential customers or clients located in the Northern District of California." *Id.* (citing Gevorkian Decl. ¶20; Zorabian Decl. ¶¶20-23). Defendants also represent that they "do not own any real property in the Northern District of California, have never been employed by a company, institution, or organization in the Northern District of California, have never maintained any offices or facilities in the Northern District of California, and have never agreed, whether by contract or otherwise, to submit to the jurisdiction of the Northern District of California." *Id.* (citing Gevorkian Decl. ¶¶ 21-24; Zorabian Decl. ¶¶ 24-27).

Defendants assert that they "do not regularly conduct personal business or business transactions in the Northern District of California[;]" "have never filed a lawsuit on behalf of themselves in the Northern District of California[;]" and have not "prior to this action, ever been sued in the Northern District of California." *Id.* (citing Gevorkian Decl.  ¶¶ 21-26; Zorabian Decl. ¶¶ 24-29).  Defendants assert that Defendant Zorabian has never litigated a case within this District and Defendant Gevorkian "has only ever litigated two unrelated interconnected cases in a courthouse located within the Northern District of California, which cases were not the byproduct of any advertisements directed to the Northern District of California. *Id.* (citing Zorabian Decl. ¶ 31; Gevorkian Decl. ¶¶28-32). According to Defendants, "these two unrelated interconnected cases currently pending in the San Francisco County Superior Court were referred to Defendant One Legal by a former client. *Id.* (citing Gevorkian Decl. ¶¶29-34).

Finally, Defendants Zorabian and Gevorkian state that neither is admitted to practice law

1  in this District and neither has "consented to the venue of any action" brought in this District.  *Id.*

2  (citing Gevorkian Decl. ¶¶ 35-36; Zorabian Decl.  ¶¶ 34-35).

3      Based on these facts, Defendants argue that venue in this District is improper under the

4  general venue statute upon which Munson relies as a basis for venue in this action, 28 U.S.C. §

5  1391, because neither subsection (b)(1) (establishing venue in "a judicial district in which any

6  defendant resides, if all defendants are residents of the State in which the district is located") nor

7  (b)(2) (establishing venue  in "a judicial district in which a substantial part of the events or

8  omissions giving rise to the claim occurred, or a substantial part of property that is the subject of

9  the action is situated") applies.  *Id.* at 7.

10      As to venue under Section 1391(b)(1), Defendants assert, neither of the individual

11  Defendants resides in this District for the purposes of Section 1391(b)(1) and (c)(1) (defining

12  "residency" for "a natural person") because they are both domiciled in Los Angeles, California.

13  *Id.* As to the corporate defendant, Legal One Law Group, they contend venue is improper because

14  a corporation resides " 'in any judicial district in which such defendant is subject to the court's

15  personal jurisdiction,' 28 U.S.C. § 1391(c)(2), (d), 'meaning where it is incorporated and

16  headquartered.' "  *Id.* (quoting *Bride v. Snap Inc.*, No. 21-CV-03473-JD, 2021 WL 3493662, at *1

17  (N.D. Cal. Aug. 9, 2021), citing *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)).  Because

18  Legal One is "exclusively incorporated and headquartered in Los Angeles County, California" and

19  maintains no "meaningful contacts" with this District, they assert, it does not reside here under

20  Section 1391(b)(1).

21      Defendants argue further that Munson cannot show that venue is proper on the basis that

22  "a substantial part of the events or omissions giving rise to the claim occurred" because in a

23  trademark action, that requirement is satisfied only "where the labels are affixed and where

24  confusion of purchasers is likely to occur."  *Id.* at 7-8 (citing *Sutter Home Winery, Inc. v. Madrona

25  Vineyards, L.P.*, 2005 WL 701599, at *4 n. 2 (N.D. Cal. March 23, 2005); *Sykes Lab., Inc. v.

26  Kalvin*, 610 F.Supp. 849, 860 n. 8 (C.D. Cal. 1985)).   They argue that where a plaintiff seeks to

27  establish a likelihood of confusion based on advertising, no sales need have occurred in the venue

28  but that the advertising must be *aimed* at the venue; here, they contend, "there is absolutely no

United States District Court
Northern District of California

7

1    nexus (nor is one alleged) between the Northern District of California and Plaintiff's claims." *Id.*

2    (citing *Kaia Foods, Inc. v. Bellafiore*, 70 F. Supp. 3d 1178, 1184 (N.D. Cal. 2014);  *Radical*

3    *Prods., Inc. v. Sundays Distrib.*, 821 F.Supp. 648, 650 (W.D. Wash. 1992)).

4            In his Opposition, Munson contends there is evidence sufficient to establish a likelihood of

5    confusion in this District based on: 1) Defendant Gevorkian's litigation of two cases in this

6    District, as acknowledged in her declaration; 2) a client review on Legal One's Yelp cite posted by

7    an individual whose location was listed as San Francisco, California; 3) law licenses held by the

8    individual defendants permitting them to practice law throughout California; and 4) blog posts on

9    Defendants' website addressing issues related to California law generally.  Opposition at 7-12;

10   DeWitty Decl. ¶¶ 3-5;  Opposition Exs. B-E.

11           In their Reply, Defendants argue that the "single legal matter in this District, a case that

12   was the product of a direct referral and not any advertising targeted to this District[,]" is not

13   sufficient to establish venue in this District. Reply at 2 (citing Gevorkian Decl. ¶¶ 29-34). As to

14   the Yelp review, Defendants supply a declaration stating that they represented the client who

15   posted the review in connection with an injury that occurred in the Central District of California,

16   where all legal services were provided, and that the client resided in Los Angeles at that time.  *Id.*

17   (citing Zorabian Reply Decl. ¶¶ 2-9).

18   **III.    ANALYSIS**

19           **A.    Legal Standards**

20                  **1.    Rule 12(b)(3)**

21           A party may bring a motion to dismiss an action for improper venue pursuant to Rule

22   12(b)(3) of the Federal Rules of Civil Procedure.  When venue is improper, the court "shall

23   dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which

24   it could have been brought."  28 U.S.C. § 1406(a).  The plaintiff bears the burden of showing that

25   venue is proper.  *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir.

26   1979).  Generally, a plaintiff asserting multiple claims must establish that venue is proper as to

27   each claim.  *Adobe Sys., Inc. v. Childers*, No. 5:10-cv-03571-JF/HRL, 2011 WL 566812, at *7

28   (N.D. Cal. Feb. 14, 2011) (citation omitted).  "Once a court has determined that venue is proper as

United States District Court
Northern District of California

United States District Court
Northern District of California

1   to one claim," however, "it may exercise pendent venue to adjudicate closely related claims."

2   *United Tactical Sys. LLC v. Real Action Paintball, Inc.*, 108 F. Supp. 3d 733, 753 (N.D. Cal.

3   2015); *see also Flamingo Indus. (USA) Ltd. v. U.S. Postal Serv.*, 302 F.3d 985, 997–98 (9th Cir.

4   2002), *rev'd on other grounds*, 540 U.S. 736 (2004).  On a motion to dismiss under Rule 12(b)(3),

5   "the pleadings need not be accepted as true, and the court may consider facts outside of the

6   pleadings."  *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (citations

7   omitted).  However, the court "is obligated to draw all reasonable inferences in favor of the non-

8   moving party and resolve all factual conflicts in favor of the non-moving party."  *Id*. at 1138.

9   ### 2.  28 U.S.C. § 1391

10   Section 1391 "govern[s] the venue of all civil actions brought in district courts of the

11   United States" "[e]xcept as otherwise provided by law[.]"  28 U.S.C. § 1391(a)(1). It provides that

12   a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants
> are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or
> omissions giving rise to the claim occurred, or a substantial part of
> property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought
> as provided in this section, any judicial district in which any defendant
> is subject to the court's personal jurisdiction with respect to such
> action.

18   28 U.S.C. § 1391(b).

19   ### 3.  28 U.S.C. § 1406

20   Under Section 1406(a), "The district court of a district in which is filed a case laying venue

21   in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case

22   to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

23   ### B.    Discussion

24   Venue as to a trademark claim is evaluated under the general venue statute, 28 U.S.C. §

25   1391(b). *Kaia Foods, Inc. v. Bellafiore*, 70 F. Supp. 3d 1178, 1184 (N.D. Cal. 2014) (citing

26   *Adobe Sys. Inc. v. Childers*, No. 5:10-CV-03571 JF/HRL, 2011 WL 566812, at *8 (N.D. Cal. Feb.

27   14, 2011)).  "In a trademark infringement action, a substantial part of the events occur both where

28

1   the labels are affixed and where confusion of purchasers is likely to occur." *Id.* (citing *Sutter*

2   *Home Winery, Inc. v. Madrona Vineyards, L.P.*, 2005 WL 701599, at *4 n. 2 (N.D. Cal. March 23,

3   2005) (citation omitted)). "In evaluating venue in cases involving internet transactions, courts have

4   found it "useful to compare the law on personal jurisdiction to the law of venue in order to assess

5   the appropriateness of plaintiff's chosen venue." *Adobe Sys. Inc. v. Childers*, No. 5:10-CV-03571

6   JF/HRL, 2011 WL 566812, at *8 (N.D. Cal. Feb. 14, 2011) (citation omitted).

7        Munson contends venue is proper in this District because there is a likelihood of confusion

8   here based on Defendants' internet advertising.  As this Court explained in *Kaia Foods*,

9   "[c]onfusion of customers occurs where the passing off occurs, that is, 'where the deceived

10   customer buys the defendant's product in the belief that he is buying the plaintiffs.' " 70 F. Supp.

11   3d at 1184 (quoting *Sykes Laboratory, Inc. v. Kalvin*, 610 F.Supp. 849, 860 n. 8 (C.D.Cal.1985)).

12   The fact that a website is accessible within the district where an action is brought is not, by itself,

13   enough to establish that venue is proper there.  70 F. Supp. 3d at 1185-1187. On the other hand, as

14   this Court discussed at length in *Kaia* Foods, where there is "something more," such as "modest

15   sales" or some other activity aimed at the district, venue may be proper.  *Id.*

16        Here, Munson's reliance on evidence that Gevorkian and Zorabian are licensed to practice

17   law in California, and on their blog posts about California law, is misplaced as neither of these

18   facts show that they have directed their activities towards this District.  Similarly, the single Yelp

19   review by a poster who lists her address at the time of posting the review as San Francisco,

20   California is to no avail.  Defendants have supplied a reply declaration stating that the poster

21   resided in the Central District of California at the time of the representation and that all legal

22   services were provided there.  Zorabian Reply Decl. ¶¶ 6-9.  That evidence is uncontroverted.

23   Further, although defendant requested leave to file a surreply, his proposed surreply did not

24   challenge Defendants' evidence relating to the Yelp review.  Nor did Munson request leave to

25   conduct discovery as to this evidence.  In any event, even if Defendants had provided no evidence

26   as to this Yelp review, it would not be competent evidence that Defendants provided legal services

27   in this District given that nothing in the post itself states as much.

28        The only undisputed evidence of a connection between Defendants and this District is the

United States District Court
Northern District of California

fact that Gevorkian is currently handling two related cases in the probate division of San Francisco Superior Court. Gevorkian Decl. ¶¶ 28-33. The undisputed evidence is that this is the only legal matter any Defendant has handled in this District. *Id.* Looking to the doctrine of specific jurisdiction, Munson contends this is sufficient to show that Defendants have purposefully availed themselves of the privilege of conducting activities in the forum and therefore, that venue here is proper. Opposition at 9-10. The Court disagrees.

As Munson recognizes, there is personal jurisdiction based on purposeful availment where the following requirements are met:

> 1) the nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections, 2) the claim must be one which arises out of or results from the defendant's forum-related activities, and 3) exercise of jurisdiction must be reasonable.

*Cybersell, Inc., v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997). Here, the first requirement may be met by Gevorkian's provision of legal services in this District, but the second and third requirements are not met. In particular, Defendants have provided uncontroverted evidence that the representation at issue was the result of a referral from a past client and not any potentially confusing advertising. Gevorkian Decl. ¶¶ 2-3. Again, Munson did not seek to challenge this evidence in his proposed surreply or seek further discovery in connection with this evidence. The Court also finds that exercise of jurisdiction in this District would be unreasonable in light of the overwhelming and uncontroverted evidence that all of the Defendants are based in the Los Angeles area and provide legal services almost exclusively in that area.

For these reasons, the Court finds that venue is improper under 28 U.S.C. § 1391(b). Further, because Munson has not requested transfer to another District, the Court concludes that dismissal of the action is the appropriate remedy.

United States District Court
Northern District of California

11

United States District Court
Northern District of California

1

**IV.    CONCLUSION**

2      The Motion is GRANTED.  The Court dismisses this action pursuant to 28 U.S.C. § 1406

3  without prejudice to refiling in a proper venue.

4      **IT IS SO ORDERED.**

5

6  Dated:  April 18, 2022

7  _____

8  JOSEPH C. SPERO
   Chief Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28